UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ELLEN TOBIN and JAMES TOBIN, Individually and as parents and next friends of minor child WT, <br><br>        Plaintiffs <br><br>   v. <br><br> NATIONAL GRANGE MUTUAL INSURANCE COMPANY, <br><br>        Defendant | ) ) ) ) ) ) ) ) ) ) ) ) )   Civil No. 9-117-B-S |

## AMENDED[1] RECOMMENDED DECISION AND ORDER

The Tobins' minor child, WT, was injured at Sugarloaf Mountain when an adult skier, David Costello, struck the child with his skis. The Tobins sued Costello in Maine state court on behalf of their son, and Costello then impleaded Kathleen Summers, a Tobin family friend who was responsible for WT's care and supervision at the time of the accident. The Tobins then brought a declaratory judgment action against National Grange Mutual, their insurer under a homeowner's policy, seeking the costs of defense for Summers and coverage for any damage award that might be assessed against Summers and in favor of their son in the underlying action. Count II of the complaint, brought pursuant to 24-A M.R.S. §§ 2436-A & 2164-D, alleges that National Grange has committed unfair claims and settlement practices. National Grange Mutual removed the action to this court and has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), alleging that the complaint fails to state a claim. The Court referred the motion to dismiss for report and recommendation under 28 U.S.C. § 636(b)(1)(B). Meanwhile, the

---

[1] This amendment merely corrects a typographical error on page one, second sentence, changing "skies" to "skis".

Tobins filed a motion to certify certain questions of state law to the Maine Law Court. I now deny the motion to certify questions of law and recommend that the Court grant National Grange Mutual's motion to dismiss.

## The Factual Allegations

NGM Policy 51-S31-510 (exhibit A to the state court complaint), effective from July 12, 2005, through July 12, 2006, provides a variety of coverage to James Tobin and Ellen Tobin, the named insureds on the Policy. (Doc. No. 1-10.) The Policy uses the terms "you" and "your" repeatedly as a substitute for "named insured." (Id. at 2 of 39.[2]) The term "insured" means the Tobins and residents of their household who are either their relatives or other persons under the age of 21 and in the care of any named insured. (Id.) The term "relative" is not defined by the Policy. The material insuring agreement, Coverage E (Personal Liability), provides, in relevant part:

> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which the "insured" is legally liable. . . . ; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent.

(Id. at 13.) The material exclusion pertaining to Coverage E (Personal Liability) states that the coverage "does not apply to . . . 'bodily injury' to you or an 'insured'." (Id. at 15 (Policy § II.2.f.), hereinafter "Exclusion 2(f)".)

The underlying complaint in the matter between the Tobins and Costello alleges that the Tobins (Ellen, James, and their minor son, WT) all live together in Bangor. (Tobin

---

[2] Pagination refers to the .pdf version found on the electronic docket.

v. Costello Compl. ¶ 1, Doc. No. 6-2.)[3] The "residence premises" covered by the National Grange Mutual (NGM) Policy is located at 212 Kenduskeag Avenue, Bangor, Maine. (Doc. No. 1-10 at 1.) The accident involving WT is alleged to have occurred on Sugarloaf Mountain, in Carrabassett Valley. (Tobin v. NGM Complaint ¶ 5.) There is no allegation that Summers presently lives in Bangor with the Tobins or that she is related to them by blood or marriage. Nonetheless, the Tobins argue that Summers is entitled to the personal liability coverage provided by Coverage E and they maintain that she was a "resident relative" because the Tobins "considered" her a relative and she had stayed with them on numerous occasions at the Bangor residence. (Opposition Mem. at 4, Doc. No. 11.) The pertinent paragraphs of the complaint read as follows:

> 7. At all times pertinent herein, Interested Party Kathleen Summers was residing with Plaintiffs and their children and maintained a close, personal friendship with Plaintiffs and their family of such an affinity, kinship, connection and closeness, that she was considered a relative and family member by Plaintiffs and their children.
>
> 8. At all times pertinent herein, Kathleen Summers acted as the parent while residing with and caring for, looking after and skiing with the minor, [WT] before, during, and after he was injured.

(Id. ¶¶ 7, 8.)

## Discussion

The issue presented by the Rule 12(b)(6) motion is whether the policy language "residents of their household who are their relatives" includes Kathleen Summers based upon the facts alleged in the complaint.[4] The Tobins also claim that Exclusion 2(f),

---

[3] The Court can properly consider the pleadings from Tobin v. Costello attached to the motion to dismiss, because they are official public records central to the plaintiffs' claims. Furthermore, the pending litigation is specifically referenced in the Tobins' complaint against NGM, the subject of this litigation. Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 34 (1st Cir. 2001).

[4] Ellen Tobin has filed an affidavit with her response to the motion to dismiss. (Doc. No. 11-2). She describes Summers as a long-time friend who has been like a sister to her and an aunt to WT. (Id. ¶ 5.) Tobin describes the relationship as so profound that it is a kind of kinship. (Id. ¶¶ 6, 9.) Prior to the date of the accident

excluding a claim for damages payable to the children of the named insureds who reside at the resident premises, is inapplicable to injuries occurring off the premises (Opposition Mem. at 9-10) and that the highlighted exclusion is contrary to public policy in any event (id. at 11-12).

## A. Motion to Dismiss

When deciding a motion to dismiss, the court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences . . . in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., Inc., 215 F.3d 172, 175 (1st Cir. 2000). Federal Rule of Civil Procedure 8(a)(2) requires no more from a complaint than a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion under Rule 12(b)(6) tests the legal sufficiency of the complaint, whether the claim, as alleged, is sufficient "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The plaintiff is not required to prove her allegations in order to overcome the motion. The question is simply whether the factual allegations, taken as true, are enough to "establish a 'claim to relief that is plausible on its face.'" Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plausibility, rather than possibility, is the benchmark.

---

Summers "resided at our home on many occasions and on a frequent basis." (Id. ¶ 7.) At the time of the accident Summers and Tobin had jointly rented a ski lodge at Sugarloaf Mountain and Summers was acting as a parent on the day of WT's injuries in the absence of his natural parents. (Id. ¶ 8.) As the defendant does not dispute any of these allegations for purposes of its motion to dismiss, I will treat them as though they were asserted in the body of the complaint so as not to convert this matter into a motion for summary judgment. Obviously, this affidavit extends beyond the material that would normally be considered when ruling on a Rule 12(b)(6) motion, but since inclusion of its contents favors the plaintiffs and is not opposed by the defendant, I will proceed in this manner.

An insurance policy is a contract between the named insured and the insurance company.  The function of the court "is not to make a new contract for the parties by enlarging or diminishing its terms, but is to ascertain the meaning and intention of [the contract] *actually made*."  Apgar v. Commercial Union Ins. Co., 683 A.2d 497, 500 (Me. 1996) (citations and internal quotation marks omitted) (emphasis in original).  "In Maine, courts first examine relevant policy language to determine whether it is unambiguous;  if so, it is enforced as written."  W. World Ins. Co. v. Am. and Foreign Ins. Co., 180 F. Supp. 2d 224, 230 (D. Me. 2002).  Language of an insurance contract is ambiguous only if it is reasonably susceptible to more than one plausible interpretation when measured  "from the viewpoint of an average person, untrained in either the law or the insurance field, in light of what a more than casual reading of the policy would reveal to an ordinarily intelligent insured."  Peerless Ins. Co. v. Wood, 685 A.2d 1173, 1174 (Me. 1996).  Whether ambiguity exists and the meaning of the language used are questions of law.  Foremost Ins. Co. v. Levesque, 2005 ME 34, ¶ 7, 868 A.2d 244, 246.

In order for Kathleen Summers to be an "insured" under this policy, by definition she would have to be a "relative" who is a resident of the Tobins' household.  Putting aside for a moment the issue of residence at the Tobins' household, an issue about which there could arguably be a dispute of fact on these alleged circumstances, the real issue is whether the close personal friendship between the Tobins and Kathleen Summers could plausibly make her a "relative."  I conclude that the term "relative" is unambiguous and does not include a family confidante held in high esteem and close regard by the members of the household who is related to no one in that household by either blood, adoption or marriage.  Without such a familial relation, one does not fall within the unambiguous and plain

meaning of the term "relative," as has been held by the cases I can find addressing the issue. NGM has done a good job citing the relevant cases and the Tobins fail to cite any contrary authority. See Allstate Ins. v. Shelton, 105 F.3d 514, 516-17 (9th Cir. 1997) (collecting cases) ("Where insurance policies have not defined 'relative' courts have applied its ordinary meaning as persons connected by blood or marriage."); Allstate Ins. Co. v. Walton, No. 1:03-CV-188, 2004 U.S. Dist. Lexis 19582, *13, 2004 WL 2137627, *4 (S.D. Ind. Aug. 10, 2004) (same); Cadwallader v. Allstate Ins. Co., 848 So. 2d 577, 583 (La. 2003) (finding the term "relative" unambiguous, even though undefined in policy); Groves v. State Farm Life and Casualty Co., 829 P.2d 1237, 1238 (Ariz. App. 1992) (holding one not a relative by blood or marriage is not covered as a relative in insurance cases); Park v. Gov't Employees Ins. Co., 396 N.W.2d 900, 902 (Minn. Ct. App. 1986) (finding that the term "relative" in insurance context is unambiguous and references those related by blood or marriage); Mickelson v. American Family Mut. Ins. Co., 329 N.W.2d 814, 815 (Minn. 1983) (finding that "relative" is a term of common usage with a generally accepted meaning of "one connected by blood or marriage"); see also Frost v. Whitbeck, 654 N.W.2d 225, 234 (Wis. 2002) ("We conclude that a reasonable person in the position of [the insured] would not understand the word 'relative' to include persons separated by eight degrees of kinship.") An ordinary, average person in the position of the Tobins would not read the term "relative" to include Ms. Summers.

The Tobins argue that the term "relative" is ambiguous in the Policy because the Policy does not include a definition. They note that in Allstate Ins. Co. v. Elwell, 513 A.2d 269 (Me. 1986), the Law Court upheld an unambiguous family exclusion in an automobile liability insurance policy because the policy language of the exclusion stated there was no

coverage for "bodily injury to any person who is related by blood, marriage, or adoption to an insured." Id. at 271.  According to the Tobins, the "blood, marriage, or adoption" language used by the insurer in Elwell makes NGM's shorthand use of "relative" ambiguous.  (Opposition Mem. at 9.)   There is no ambiguity as to whether the term "relative" applies to Ms. Summers.  Because the plain and ordinary meaning of relative is someone related by blood, marriage, or adoption, Ms. Summers is not an insured under the Policy.  NGM's motion to dismiss should be granted.

**B.  Motion to Certify Question**

The foregoing issue of contract construction is a matter of state law.  So, too, are the additional arguments that the Tobins raise concerning Exclusion 2(f) that I did not address in my discussion.  The Tobins have requested that the Court refer all of these questions to the Law Court pursuant to Rule 25 of the Maine Rules of Appellate Procedure.  (Doc. No. 14.)  Though the Law Court has not previously decided what the term "relative" means in the context of an insurance policy lacking a definition of the term, the Law Court has held that a court is to give contract terms their plain and ordinary meaning.  This Court is commonly tasked with the burden of deciding, without clear precedent, how the Law Court would resolve novel questions of law.  In doing so, it is entitled to look to "'analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand.'" Michelin Tires Ltd. v. First Nat'l Bank of Boston, 666 F.2d 673, 682 (1st Cir. 1981) (quoting McKenna v. Ortho Pharmaceutical Corp., 622 F.2d 657, 663 (3d Cir. 1980)).  Pursuant to Rule 25, when there is a question of state law that may be determinative of the cause and the Law Court has not issued a clear controlling precedent, the Court may certify the

question to the Law Court "for instructions concerning such questions of state law." Me. R. App. P. 25.  This is a discretionary process, Gough v. E. Me. Dev. Corp., 172 F. Supp. 2d 221, 227 (D. Me. 2001), and it has been used only sparingly by this Court, as the exception rather than the rule, for in most matters the way the Law Court would rule is predictable even in the absence of precedent.  This is such a case.  If the Court were to certify a question of contract construction such as the one presented here, it would be difficult to explain why every question of contract construction would not be certified to the Law Court as a matter of common practice.  Yet this Court routinely addresses disputes over the meaning of undefined contract terms where the stakes are high for the litigants, without seeking Law Court guidance, and I see no principled reason why an exception would apply here.  Because the plain and ordinary construction of the term "relative" does not extend to a family friend, NGM is entitled to an order dismissing the case and there is no need to reach the additional arguments presented by the Tobins, whether by certification or otherwise.  Accordingly, I deny the motion to certify.

## Conclusion

The Tobins' complaint fails to state a claim because there is no plausible basis to infer that Ms. Summers is a relative of the Tobins.  Because of this obvious shortcoming in the complaint, there is no need to go any further to discuss other possible infirmities in the complaint.  Nor does this case present a reasonable basis for certifying a question to the Law Court under Rule 25 of the Maine Rules of Appellate Procedure.  Consequently, I RECOMMEND that the Court GRANT Defendant's Motion to Dismiss (Doc. No. 6) and DENY Plaintiffs' Motion for Order For Certification of Question of Law (Doc. No. 14).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 15, 2009